# EXHIBIT A

# HOUSE BILL 631

J1 (7lr1025)

*ENROLLED BILL*
*— Health and Government Operations and Economic Matters/Finance —*

Introduced by **The Speaker (By Request – Office of the Attorney General) and Delegates Bromwell, Anderson, Atterbeary, Barkley, B. Barnes, D. Barnes, Barron, Barve, Beidle, Brooks, Carr, Chang, Clippinger, Conaway, Cullison, Davis, Dumais, Ebersole, Fennell, Fraser–Hidalgo, Frick, Frush, Gaines, Gilchrist, Glenn, Gutierrez, Hayes, Haynes, Healey, Hettleman, Hill, Hixson, Holmes, C. Howard, Jackson, Jalisi, Jameson, Jones, Kelly, Knotts, Krimm, Lafferty, Lam, R. Lewis, Lierman, Lisanti, Luedtke, McCray, McIntosh, A. Miller, Moon, Morales, Oaks, Patterson, Pena–Melnyk, Platt, Proctor, Queen, Reznik, Robinson, Rosenberg, Sample–Hughes, Sanchez, Sophocleus, Stein, Sydnor, Tarlau, Turner, Valderrama, Vallario, Waldstreicher, Walker, A. Washington, M. Washington, C. Wilson, K. Young,** ~~and P. Young~~ **P. Young, Pendergrass, Angel, Kipke, McDonough, Metzgar, Miele, Saab, West, Aumann, Carey, Mautz, and S. Howard**

Read and Examined by Proofreaders:

_____
Proofreader.
_____
Proofreader.

Sealed with the Great Seal and presented to the Governor, for his approval this

_____ day of _____ at _____ o'clock, _____M.

_____
Speaker.

CHAPTER _____

1  AN ACT concerning

2  **Public Health – Essential <u>Off–Patent or</u> Generic Drugs – Price Gouging –**
3  **Prohibition**

EXPLANATION: **CAPITALS INDICATE MATTER ADDED TO EXISTING LAW.**
  **[**Brackets**]** indicate matter deleted from existing law.
  <u>Underlining</u> indicates amendments to bill.
  ~~Strike out~~ indicates matter stricken from the bill by amendment or deleted from the law by amendment.
  *Italics indicate opposite chamber/conference committee amendments.*



1    FOR the purpose of prohibiting a manufacturer or wholesale distributor from engaging in
2         price gouging in the sale of an essential <u>off–patent or</u> generic drug; *establishing that*
3         *it is not a violation of a certain provision of this Act for a wholesale distributor to*
4         *increase a price of an essential off–patent or generic drug under certain*
5         *circumstances;* ~~requiring~~ *authorizing* the Maryland Medical Assistance Program to
6         notify ~~the manufacturer of an essential generic drug and~~ the Attorney General of a
7         certain increase in the price of ~~the~~ <u>an</u> essential <u>off–patent or</u> generic drug under
8         certain circumstances; requiring a manufacturer of an essential <u>off–patent or</u> generic
9         drug to submit a certain statement to the Attorney General within a certain time
10        frame; authorizing the Attorney General to require a manufacturer of an essential
11        <u>off–patent or</u> generic drug to produce certain records or other documents that may
12        be relevant in determining whether a certain violation has occurred; authorizing a
13        circuit court, under certain circumstances, to issue certain orders compelling certain
14        actions, restraining or enjoining certain violations, and imposing a certain civil
15        penalty; ~~making certain information subject to public inspection only to the extent~~
16        ~~permitted under certain provisions of law; providing that information included in a~~
17        ~~certain statement~~ *requiring that certain information provided to the Attorney*
18        *General under this Act* be considered confidential commercial information for certain
19        purposes *except under certain circumstances; prohibiting the Attorney General from*
20        *bringing a certain action under certain circumstances*; prohibiting a person who is
21        alleged to have violated a requirement of this Act from asserting a certain defense;
22        defining certain terms; and generally relating to prohibiting price gouging in the sale
23        of essential <u>off–patent or</u> generic drugs.

24   BY adding to
25        Article – Health – General
26        Section 2–801 through 2–803 to be under the new subtitle "Subtitle 8. Prohibition
27             Against Price Gouging for Essential <u>Off–Patent or</u> Generic Drugs"
28        Annotated Code of Maryland
29        (2015 Replacement Volume and 2016 Supplement)

30        SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND,
31   That the Laws of Maryland read as follows:

32                            **Article – Health – General**

33        **SUBTITLE 8. PROHIBITION AGAINST PRICE GOUGING FOR ESSENTIAL**
34                        **OFF–PATENT OR GENERIC DRUGS.**

35   **2–801.**

36        **(A)   IN THIS SUBTITLE THE FOLLOWING WORDS HAVE THE MEANINGS**
37   **INDICATED.**

38        ~~**(B)   "AVERAGE MANUFACTURER PRICE" HAS THE MEANING STATED IN 42**~~
39   ~~**U.S.C. § 1396R–8.**~~

1    ~~(C)~~ **(B)**    **(1)**    "ESSENTIAL <u>OFF–PATENT OR</u> GENERIC DRUG" MEANS ANY PRESCRIPTION DRUG:

3            **(I)**    FOR WHICH ~~ANY~~ <u>ALL</u> EXCLUSIVE MARKETING RIGHTS<u>, IF ANY,</u> GRANTED UNDER ~~FEDERAL LAW~~ <u>THE FEDERAL FOOD, DRUG, AND COSMETIC ACT, § 351 OF THE FEDERAL PUBLIC HEALTH SERVICE ACT, AND FEDERAL PATENT LAW</u> HAVE EXPIRED;

7            **(II)**    **1.**    THAT APPEARS ON THE MODEL LIST OF ESSENTIAL MEDICINES MOST RECENTLY ADOPTED BY THE WORLD HEALTH ORGANIZATION; OR

9                    **2.**    THAT HAS BEEN DESIGNATED BY THE SECRETARY AS AN ESSENTIAL MEDICINE DUE TO ITS EFFICACY IN TREATING A LIFE–THREATENING HEALTH CONDITION OR A CHRONIC HEALTH CONDITION THAT SUBSTANTIALLY IMPAIRS AN INDIVIDUAL'S ABILITY TO ENGAGE IN ACTIVITIES OF DAILY LIVING; ~~AND~~

13            *(III)*    *THAT IS ACTIVELY MANUFACTURED AND MARKETED FOR SALE IN THE UNITED STATES BY THREE OR FEWER MANUFACTURERS; AND*

15            ~~(III)~~ *(IV)*    THAT IS MADE AVAILABLE FOR SALE IN THE STATE.

16        **(2)**    "ESSENTIAL <u>OFF–PATENT OR</u> GENERIC DRUG" INCLUDES ANY DRUG–DEVICE COMBINATION PRODUCT USED FOR THE DELIVERY OF ~~AN ESSENTIAL GENERIC~~ <u>A</u> DRUG <u>FOR WHICH ALL EXCLUSIVE MARKETING RIGHTS, IF ANY, GRANTED UNDER THE FEDERAL FOOD, DRUG, AND COSMETIC ACT, § 351 OF THE FEDERAL PUBLIC HEALTH SERVICE ACT, AND FEDERAL PATENT LAW HAVE EXPIRED</u>.

22    ~~(D)~~ **(C)**    "PRICE GOUGING" MEANS AN UNCONSCIONABLE INCREASE IN THE PRICE OF A PRESCRIPTION DRUG.

24    ~~(E)~~ **(D)**    "STATE HEALTH PLAN" HAS THE MEANING STATED IN § 2–601 OF THIS TITLE.

26    ~~(F)~~ **(E)**    "STATE HEALTH PROGRAM" HAS THE MEANING STATED IN § 2–601 OF THIS TITLE.

28    ~~(G)~~ **(F)**    "UNCONSCIONABLE INCREASE" MEANS AN INCREASE IN THE PRICE OF A PRESCRIPTION DRUG THAT:

30        **(1)**    IS EXCESSIVE AND NOT JUSTIFIED BY THE COST OF PRODUCING THE DRUG OR THE COST OF APPROPRIATE EXPANSION OF ACCESS TO THE DRUG TO PROMOTE PUBLIC HEALTH; AND

1      **(2)** RESULTS IN CONSUMERS FOR WHOM THE DRUG HAS BEEN
2 PRESCRIBED HAVING NO MEANINGFUL CHOICE ABOUT WHETHER TO PURCHASE THE
3 DRUG AT AN EXCESSIVE PRICE BECAUSE OF:

4           **(I)** THE IMPORTANCE OF THE DRUG TO THEIR HEALTH; AND

5           **(II)** INSUFFICIENT COMPETITION IN THE MARKET FOR THE
6 DRUG.

7      ~~(H)~~ *(G)* "WHOLESALE ACQUISITION COST" HAS THE MEANING STATED IN
8 **42 U.S.C. § 1395W–3A.**

9 **2–802.**

10     *(A)* A MANUFACTURER OR WHOLESALE DISTRIBUTOR MAY NOT ENGAGE IN
11 PRICE GOUGING IN THE SALE OF AN ESSENTIAL OFF–PATENT OR GENERIC DRUG.

12     *(B)* *IT IS NOT A VIOLATION OF SUBSECTION (A) OF THIS SECTION FOR A*
13 *WHOLESALE DISTRIBUTOR TO INCREASE THE PRICE OF AN ESSENTIAL OFF–PATENT*
14 *OR GENERIC DRUG IF THE PRICE INCREASE IS DIRECTLY ATTRIBUTABLE TO*
15 *ADDITIONAL COSTS FOR THE DRUG IMPOSED ON THE WHOLESALE DISTRIBUTOR BY*
16 *THE MANUFACTURER OF THE DRUG.*

17 **2–803.**

18     **(A)** THE MARYLAND MEDICAL ASSISTANCE PROGRAM ~~SHALL~~ *MAY* NOTIFY
19 THE ~~MANUFACTURER OF AN ESSENTIAL GENERIC DRUG AND THE~~ ATTORNEY
20 GENERAL OF ANY INCREASE IN THE PRICE OF AN ESSENTIAL OFF–PATENT OR
21 GENERIC DRUG WHEN:

22          ~~(1)   THREE   OR   FEWER   MANUFACTURERS   ARE   ACTIVELY~~
23 ~~MANUFACTURING AND MARKETING THE ESSENTIAL GENERIC DRUG FOR SALE IN~~
24 ~~THE UNITED STATES; AND~~

25          ~~(2)~~ *(1)* THE PRICE INCREASE, BY ITSELF OR IN COMBINATION WITH
26 OTHER PRICE INCREASES:

27          **(I)** WOULD RESULT IN AN INCREASE OF **50%** OR MORE IN THE
28 ~~AVERAGE MANUFACTURER PRICE OR~~ WHOLESALE ACQUISITION COST OF THE DRUG
29 WITHIN THE PRECEDING ~~2–YEAR~~ **1–YEAR** PERIOD; OR

1              **(II)** WOULD RESULT IN AN INCREASE OF **50%** OR MORE IN THE
2 PRICE PAID BY THE MARYLAND MEDICAL ASSISTANCE PROGRAM FOR THE DRUG
3 WITHIN THE PRECEDING ~~2–YEAR~~ 1–YEAR PERIOD; AND

4              ~~(3)~~ *(2)*      **(I)**   A 30–DAY SUPPLY OF THE MAXIMUM RECOMMENDED
5 DOSAGE OF THE DRUG FOR ANY INDICATION, ACCORDING TO THE LABEL FOR THE
6 DRUG APPROVED UNDER THE FEDERAL FOOD, DRUG, AND COSMETIC ACT, WOULD
7 COST MORE THAN $80 AT THE DRUG'S WHOLESALE ACQUISITION COST;

8              **(II)**   A FULL COURSE OF TREATMENT WITH THE DRUG,
9 ACCORDING TO THE LABEL FOR THE DRUG APPROVED UNDER THE FEDERAL FOOD,
10 DRUG, AND COSMETIC ACT, WOULD COST MORE THAN $80 AT THE DRUG'S
11 WHOLESALE ACQUISITION COST; OR

12             **(III)**  IF THE DRUG IS MADE AVAILABLE TO CONSUMERS ONLY IN
13 QUANTITIES THAT DO NOT CORRESPOND TO A 30–DAY SUPPLY, A FULL COURSE OF
14 TREATMENT, OR A SINGLE DOSE, IT WOULD COST MORE THAN $80 AT THE DRUG'S
15 WHOLESALE ACQUISITION COST TO OBTAIN A 30–DAY SUPPLY OR A FULL COURSE OF
16 TREATMENT.

17       **(B)**    ~~WITHIN 20 DAYS AFTER THE DATE OF RECEIPT OF A NOTICE UNDER~~
18 ~~SUBSECTION (A) OF THIS SECTION~~ ON REQUEST OF THE ATTORNEY GENERAL, THE
19 MANUFACTURER OF AN ESSENTIAL OFF–PATENT OR GENERIC DRUG ~~SHALL~~
20 IDENTIFIED IN A NOTICE UNDER SUBSECTION (A) OF THIS SECTION, WITHIN ~~20~~ *45*
21 DAYS AFTER THE REQUEST, SHALL SUBMIT A STATEMENT TO THE ATTORNEY
22 GENERAL:

23          **(1)**    **(I)**    ITEMIZING THE COMPONENTS OF THE COST OF PRODUCING
24 THE ~~ESSENTIAL GENERIC~~ DRUG; AND

25             **(II)**   IDENTIFYING THE CIRCUMSTANCES AND TIMING OF ANY
26 INCREASE IN MATERIALS OR MANUFACTURING COSTS THAT CAUSED ANY INCREASE
27 IN THE PRICE OF THE ~~ESSENTIAL GENERIC~~ DRUG WITHIN THE ~~2–YEAR~~ 1–YEAR
28 PERIOD PRECEDING THE DATE OF THE PRICE INCREASE;

29          **(2)**    **(I)**    IDENTIFYING THE CIRCUMSTANCES AND TIMING OF ANY
30 EXPENDITURES MADE BY THE MANUFACTURER TO EXPAND ACCESS TO THE
31 ~~ESSENTIAL GENERIC~~ DRUG; AND

32             **(II)**   EXPLAINING ANY IMPROVEMENT IN PUBLIC HEALTH
33 ASSOCIATED WITH THOSE EXPENDITURES; AND

1    (3) Providing any other information that the
2 manufacturer believes to be relevant to a determination of whether a
3 violation of this subtitle has occurred.

4   (C) The Attorney General may require a manufacturer <u>or a</u>
5 <u>wholesale distributor</u> to produce any records or other documents
6 that may be relevant to a determination of whether a violation of this
7 subtitle has occurred.

8   (D) On petition of the Attorney General *and subject to*
9 *subsection (e) of this section*, a circuit court may issue an order:

10    (1) Compelling ~~the~~ <u>a</u> manufacturer <u>or a wholesale</u>
11 <u>distributor</u> ~~of an essential generic~~ ~~drug~~:

12     (i) To provide the statement required under
13 subsection (b) of this section; ~~or~~ <u>and</u>

14     (ii) To produce specific records or other documents
15 requested by the Attorney General under subsection (c) of this section
16 that may be relevant to a determination of whether a violation of this
17 subtitle has occurred;

18    (2) Restraining or enjoining a violation of this subtitle;

19    (3) Restoring to any consumer, including a third party
20 payor, any money acquired as a result of a price increase that violates
21 this subtitle;

22    (4) Requiring a manufacturer that has engaged in price
23 gouging in the sale of an essential <u>off–patent or</u> generic drug to make
24 the ~~essential~~ ~~generic~~ drug available to participants in any State
25 health plan or State health program for a period of up to 1 year at the
26 price at which the drug was made available to participants in the State
27 health plan or State health program immediately prior to the
28 manufacturer's violation of this subtitle; and

29    (5) Imposing a civil penalty of up to $10,000 for each
30 violation of this subtitle.

31   *(E) The Attorney General may not bring an action for a remedy*
32 *under subsection (d)(2) through (5) of this section unless the Attorney*
33 *General has provided the manufacturer or wholesale distributor an*
34 *opportunity to meet with the Attorney General to offer a justification*

1   *FOR THE INCREASE IN THE PRICE OF THE ESSENTIAL OFF–PATENT OR GENERIC*
2   *DRUG.*

3         ~~(E)~~ *(F)* ~~(1)~~ ANY INFORMATION PROVIDED *BY A MANUFACTURER OR A*
4   *WHOLESALE DISTRIBUTOR* TO THE ATTORNEY GENERAL UNDER ~~THIS SUBTITLE~~
5   *SUBSECTIONS (B) AND (C) OF THIS SECTION* SHALL BE ~~SUBJECT TO PUBLIC~~
6   ~~INSPECTION ONLY TO THE EXTENT PERMITTED UNDER TITLE 4 OF THE GENERAL~~
7   ~~PROVISIONS ARTICLE.~~

8         ~~(2)~~ ~~THE INFORMATION INCLUDED IN THE STATEMENT PROVIDED~~
9   ~~UNDER SUBSECTION (B) OF THIS SECTION SHALL BE~~ CONSIDERED CONFIDENTIAL
10  COMMERCIAL INFORMATION FOR PURPOSES OF § 4–335 OF THE GENERAL
11  PROVISIONS ARTICLE *UNLESS THE CONFIDENTIALITY OF THE INFORMATION IS*
12  *WAIVED BY THE MANUFACTURER OR WHOLESALE DISTRIBUTOR.*

13        ~~(E)~~ ~~(F)~~ *(G)* IN ANY ACTION BROUGHT BY THE ATTORNEY GENERAL UNDER
14  SUBSECTION (D) OF THIS SECTION, A PERSON WHO IS ALLEGED TO HAVE VIOLATED
15  A REQUIREMENT OF THIS SUBTITLE MAY NOT ASSERT AS A DEFENSE THAT THE
16  PERSON DID NOT DEAL DIRECTLY WITH A CONSUMER RESIDING IN THE STATE.

17        SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall take effect
18  October 1, 2017.

Approved:

_____
                                                        Governor.

_____
                                    Speaker of the House of Delegates.

_____
                                           President of the Senate.