# EXHIBIT B



May 26, 2016

The Honorable Michael E. Busch
Speaker of the House
State House
Annapolis, Maryland 21401

Dear Mr. Speaker:

In accordance with Article II Section 17 of the Maryland Constitution, House Bill 631 – Public Health – Essential Off-Patent or Generic Drugs – Price Gouging will become law without my signature.

While I am very supportive of ensuring that essential health care needs, including access to affordable prescription drugs, are available to Maryland citizens, this legislation raises legal and constitutional concerns.

Also, this legislation only addresses the pricing of generic and off-patent pharmaceuticals, and does nothing to address the cost of patented products and medical devices which may be associated with drug delivery. This oversight, whether inadvertent or deliberate, is troubling since the patented or brand-name pharmaceuticals make up a significant amount of the market and are often times the most expensive and essential pharmaceuticals.

I also have concerns with the constitutionality of this legislation. While the bill was a priority of Attorney General Frosh during the General Assembly Session, two concerns have been raised by my Chief Counsel's office regarding aspects of the bill which would likely be the subject of a constitutional challenge.

My first concern relates to the provisions of the legislation which directly regulate interstate commerce and pricing by prohibiting and penalizing manufacturer pricing which may occur outside of Maryland. These provisions would likely violate the dormant commerce clause of the Constitution (Art. I § 8, cl. 3 of the U.S. Constitution).

I am also concerned that the definition of "unconscionable increase" and "excessive" are vague, and would likely not withstand a "vagueness" challenge under the procedural due process concepts of the Due Process Clause of the Fourteenth Amendment. These terms are the heart of the legislation, and because they have been so broadly drafted, it is very difficult for manufacturers to know whether they are in violation of these provisions, leaving the decision

The Honorable Michael E. Busch
May 26, 2017
Page 2

entirely to the interpretation of the Attorney General.

I am not convinced that this legislation is truly a solution to ensuring Marylanders have access to essential prescription drugs, and may even have the unintended consequence of harming citizens by restricting their access to these drugs. The legislation does have a laudable goal, to combat price-gouging of consumers for life-saving drugs, and I am supportive of that goal.  However,

because of the aforementioned problems with the bill, I will not be signing this legislation, and instead will allow it to become law without my signature.

This issue is clearly one that can only truly be addressed on a national, or even global level, given that the prescription drug market cannot simply be changed by one state enacting legislation such as this.

It is my hope that the General Assembly will again take up this issue in next year's legislative session to address these issues.

Sincerely,

Lawrence J. Hogan, Jr.
Governor


cc:      The Honorable Thomas V. Mike Miller, Jr.