# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ASSOCIATION FOR ACCESSIBLE
MEDICINES,

    *Plaintiff*,

    v.

BRIAN E. FROSH, in his official
capacity as Attorney General for the
State of Maryland, and DENNIS R.
SCHRADER, in his official capacity
as Secretary of the Maryland
Department of Health,

    *Defendants*.

Civil Action No. 1:17-cv-01860

## PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT AND FOR AN INJUNCTION PENDING APPEAL

Plaintiff Association for Accessible Medicines ("AAM"), by and through the undersigned counsel, hereby moves this Court for an order (1) entering partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure on Plaintiff's Commerce Clause claim and (2) granting injunctive relief preventing enforcement of Maryland House Bill 631 ("HB 631") pending appeal under Federal Rule of Civil Procedure 62(c).

On Friday, September 29, 2017, this Court issued a Memorandum Opinion and Order [ECF No. 43] denying Plaintiff's motion for a preliminary injunction on both of its constitutional claims challenging HB 631, granting Defendants' motion

1

to dismiss under Fed. R. Civ. P. 12(b)(6) as to Plaintiff's Commerce Clause claim, and denying Defendants' motion to dismiss as to Plaintiff's Due Process Clause claim. AAM intends immediately to appeal the Court's denial of a preliminary injunction to the United States Court of Appeals for the Fourth Circuit, which it is permitted to do as of right under 28 U.S.C. § 1292(a)(1), and to seek expedition of the appeal to protect the constitutional rights and interests of its members as promptly as possible in light of the October 1 effective date of the law. Given that procedural posture, AAM respectfully submits that this Court should take two discrete steps to promote an efficient and equitable appellate process.

*First*, AAM asks the Court to enter partial final judgment under Federal Rule of Civil Procedure 54(b) on its Commerce Clause claim, which this Court dismissed as a matter of law in its September 29 Memorandum Opinion and Order. Entry of partial final judgment in this manner is within the sound discretion of the district court where it finds "there is no just reason for delay." Fed. R. Civ. P. 54(b); *see Fox v. Balt. City Police Dept.*, 201 F.3d 526, 531 (4th Cir. 2000). Given that the Court resolved AAM's Commerce Clause challenge both in the context of its motion for preliminary injunction and on the merits through Rule 12(b)(6) dismissal, AAM submits that there is no just reason to delay the final resolution of that disputed constitutional question by the Fourth Circuit when it will already be asked to decide whether AAM's challenge has a substantial likelihood of success on the merits.

2

*Second*, given HB 631's October 1, 2017, effective date, AAM respectfully asks the Court to exercise its discretion to maintain the status quo ante by issuing an injunction preventing enforcement of HB 631 pending AAM's immediate appeal. Federal Rule of Civil Procedure 62(c) expressly contemplates and permits such an injunction "[w]hile an appeal is pending from an interlocutory order … that grants, dissolves, or denies an injunction," and the Federal Rules of Appellate Procedure direct appellants to seek such relief in the district court before similarly petitioning the Court of Appeals. *See* Fed. R. App. P. 8(a)(1). AAM submits that given its efforts to seek an immediate and expedited appeal of this Court's preliminary injunction ruling, this Court should stay and enjoin implementation of the law insofar as it would allow enforcement actions to be brought against AAM members.

## I.     THIS COURT SHOULD ENTER PARTIAL FINAL JUDGMENT ON AAM'S COMMERCE CLAUSE CLAIM TO PERMIT EFFICIENT RESOLUTION OF THE LEGAL QUESTION ON APPEAL.

Rule 54(b) permits a district court to enter "final judgment as to one or more, but fewer than all, claims" where "there is no just reason for delay." Fed. R. Civ. P. 54(b). The Supreme Court has instructed that partial final judgment is appropriate under Rule 54(b) with respect to a decision on "a cognizable claim for relief" that is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436

(1956)).  As to the determination of whether to grant partial final judgment on a particular claim, the Supreme Court has "likened the district court to a 'dispatcher,' to whose 'sound judicial discretion' is left the determination regarding the appropriateness of immediate appeal."  *Fox*, 201 F.3d at 531 (quoting *Curtiss-Wright*, 446 U.S. at 8).  "In determining whether to certify a judgment as final and suitable for immediate appeal, a district court must take into account two broad sets of considerations—the parties' interest in swift resolution of their disputes, and the 'juridical concerns' of preserving judicial resources and guarding against the unnecessary resolution of issues."  *Id.* (citing *Curtiss-Wright*, 446 U.S. at 10).  Those juridical concerns, however, "do not counsel against Rule 54(b) certification [where] [t]he central question raised on appeal … is a pure question of law."  *Id.*

There can be no question that this Court's decision to grant Defendants' motion to dismiss as to AAM's first cause of action is a "final" decision on "a cognizable claim for relief."  Courts have long understood that "[t]he term 'claim' as used in [Rule 54(b)] means cause of action."  *Atkins, Kroll (Guam), Ltd. v. Cabrera*, 277 F.2d 922, 924 (9th Cir. 1960); *see also, e.g.*, *Hamed v. Yusuf*, Nos. SX-12-CV-370, SX–14–CV–287, SX–14–CV–278, 2017 WL 3168458, at \*17 (V.I. July 21, 2017) ("As it is often used in legal parlance, the term 'claim' is essentially synonymous with 'cause of action.'"); *Levantino v. Skala*, 56 F. Supp. 3d 191, 200 (E.D.N.Y. 2014) (using terms "cause of action" and "claim" interchangeably).

AAM's Commerce Clause claim is entirely separate and distinct from the remaining vagueness claim; the legal inquiry necessary to resolve the former shares no overlap with the inquiry necessary to resolve the latter. *See Curtiss-Wright*, 446 U.S. at 10. Indeed, the paradigmatic situation in which Rule 54(b) is appropriately applied is where a trial court dismisses an entire cause of action that rests on a legal theory wholly divorced from the remaining claim. *See, e.g., Atkins*, 277 F.2d at 924. That is precisely what this Court did here in granting dismissal of "the First Cause of Action under the dormant Commerce Clause" but denying dismissal "as to the Second Cause of Action under the Fourteenth Amendment Due Process Clause." Mem. & Order at 40.

Nor is there any just reason for delay in the entry of judgment. *See Curtiss-Wright*, 446 U.S. at 8. Because AAM's Commerce Clause claim is wholly distinct from its vagueness claim and any proceedings before this Court in the interim will focus entirely on the latter, there is no concern that ongoing litigation in this Court might "moot the issues involved" in an appeal on the former. *Fox*, 201 F.3d at 531. And for the same reason, there is likewise no concern that "the reviewing court might be obliged to consider the [Commerce Clause] issue a second time." *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975).

On the other hand, *not* certifying the Commerce Clause claim under Rule 54(b) will inevitably require the Fourth Circuit to address the issue twice. This Court

resolved AAM's Commerce Clause challenge not only in the course of granting in part Defendants' motion to dismiss, but also in denying AAM's request for a preliminary injunction.  And because (1) the first factor of the preliminary injunction standard is likelihood of success on the merits, *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), and (2) AAM may appeal the denial of its preliminary injunction motion as of right, 28 U.S.C. § 1292(a)(1), the Fourth Circuit will necessarily be asked *now* to decide whether AAM's challenge has a substantial likelihood of success on the merits.  Granting partial final judgment here thus has the effect of "preserving judicial resources" in this procedural posture.  *Fox*, 201 F.3d at 531.

In short, as the Fourth Circuit itself has recognized, there is no reason to bifurcate what is effectively the same pure question of law.  *See id.* (concerns against Rule 54(b) certification generally do not apply where "the central question raised on appeal … is a pure question of law").   Rule 54(b) certification is therefore appropriate as to this Court's order granting Defendants' motion to dismiss as to AAM's First Cause of Action under the dormant Commerce Clause.

## II.    THIS COURT SHOULD ENJOIN ENFORCEMENT OF HB 631 PENDING APPEAL.

AAM also moves this Court for injunctive relief pending appeal to restrain Defendants from enforcing HB 631 against AAM members.

AAM recognizes that this Court only recently denied a request for preliminary injunctive relief. Yet the standards for the two inquiries are not identical. Indeed, because Rule 8 of the Federal Rules of Appellate Procedure contemplates that parties must seek an injunction pending appeal from the district court before seeking similar relief from the court of appeals, "[p]rior recourse to the initial decisionmaker before seeking an injunction pending appeal would hardly be required as a general matter if [a district court] could properly grant interim relief only on a prediction that it has rendered an erroneous decision." *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844-45 (D.C. Cir. 1977) (stay appropriate when court has ruled on "difficult legal question and when the equities of the case suggest that the status quo should be maintained"); *see also Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004) ("Several courts have observed that the 'success on the merits factor cannot be rigidly applied,' because if it were, an injunction would seldom, if ever, be granted 'because the district court would have to conclude that it was probably incorrect in its determination on the merits.'" (citation omitted)). Thus, "on motions for stay pending appeal … the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

AAM has presented a substantial case on the merits here.  Although the Court previously concluded that "the factual record at the moment does not support [Plaintiff's] likelihood of prevailing" on the merits, Mem. & Order at 31, it did so only after expressly noting that HB 631 "appear[s] to" contain *no* standards that are "binding on the Attorney General," and accordingly concluding that "it is at the very least plausible that … the statute [is] unconstitutionally vague," *id.* at 27-28.  There is a substantial question whether the Fourth Circuit will agree on a de novo review that further factual development is necessary to resolve AAM's vagueness challenge. After all, the standard for a void-for-vagueness claim is objective.  *See, e.g.*, *Hill v. Colorado*, 530 U.S. 703, 732 (2000) ("A statute can be impermissibly vague for either of two independent reasons.  First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement."); *Ledezma-Cosino v. Sessions*, 857 F.3d 1042, 1047 (9th Cir. 2017) (dispositive inquiry is whether a statute "lends itself to an objective factual inquiry"), *pet. for cert. filed*, No. 17-313 (Aug. 25, 2017).  It is more than plausible, in other words, that the Circuit Court will conclude that the issue of which "regulatory requirements[] affect pricing decisions" has no bearing on whether HB 631 passes muster under the Due Process Clause.  *Contra* Mem. & Order at 29 n.11.

AAM has also presented a substantial case on the merits with respect to its Commerce Clause claim.  Although this Court has read the Supreme Court's anti-extraterritoriality precedents to apply only where "one state attempt[s] to tie the price of a good in the state with the price charged for the good in another state," *id.* at 16, other courts have recognized that the relevant case law is not so limited.  *See, e.g.*, *Legato Vapors, LLC v. Cook*, 847 F.3d 825, 831 (9th Cir. 2017) ("Price-affirmation laws can violate the Commerce Clause because they have ripple effects in other states, effectively setting the price for a commodity in transactions outside the regulating state.").  HB 631 "effectively set[s] the price" that manufacturers may charge wholesalers "outside the regulating state," *id.*, but unlike a price-tying law, it does so *directly*, *i.e.*, by its very terms, which reach pricing and commerce wholly outside of Maryland.  *See Pharm. Research & Mfrs. of Am. v. D.C.*, 406 F. Supp. 2d 56, 71 (D.D.C. 2005) (invalidating D.C. law "as applied to sales between out-of-state manufacturers … and other out-of-state entities" because such regulation "has a *per se* invalid extraterritorial reach in violation of the Commerce Clause" under *Healy* and *Brown-Forman*), *aff'd sub nom. Biotechnology Indus. Org. v. D.C.*, 496 F.3d 1362 (Fed. Cir. 2007); *Pharm. Research & Mfrs. of Am. v. Comm'r, Maine Dep't of Human Servs.*, No. CIV. 00-157-B-H, 2000 WL 34290605, at *1-2 (D. Me. Oct. 26, 2000) ("Whatever power Maine may have over in-state pharmacies, it cannot

legislate the amounts that out-of-state manufacturers obtain when they sell to pharmaceutical wholesalers or distributors out-of-state.").

There is also a substantial question whether the Fourth Circuit will agree that Circuit law on the extraterritoriality principle is limited in the manner this Court has suggested.  After all, *Star Scientific* itself recognized that "a State may not regulate commerce occurring wholly outside of its borders," *Star Scientific Inc. v. Beales*, 278 F.3d 339, 355 (4th Cir. 2002), and the Supreme Court has made clear that states have no power to directly regulate commercial transactions in other states, *see, e.g.*, *Healy v. Beer Institute*, 491 U.S. 324, 336 (1989) (Commerce Clause "precludes the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State" (citation omitted)).

Beyond likelihood of success, AAM renews its arguments that the other injunction factors strongly weigh in favor of maintaining the status quo.  *See* Mem. of Law in Supp. of Pl.'s Mot. for Preliminary Injunction, Dkt. No. 9-1, at 32-41; Pl.'s Reply to Defs.' Opp. to Pl.'s Mot. for Preliminary Injunction, Dkt. No. 35, at 4-11.  Indeed, the substantial case presented on the merits on both of AAM's constitutional challenges to HB 631 impacts each of the remaining factors relevant to the decision whether to grant an injunction pending appeal.

If the Fourth Circuit takes a different view from this Court of these difficult legal questions arising under the United States Constitution, then AAM members will undoubtedly have suffered irreparable harm from the interim implementation of an unconstitutional law that directly regulates their interstate commerce in a manner that is impermissible in its extraterritorial reach and its lack of clarity.   Being subjected to enforcement under an unconstitutional law is alone sufficient to constitute irreparable harm.  *See, e.g.*, *Davis v. D.C.*, 158 F.3d 1342, 1346 (D.C. Cir. 1998) ("Although a plaintiff seeking equitable relief must show a threat of substantial and immediate irreparable injury, a prospective violation of a constitutional right constitutes irreparable injury for these purposes."); 11A Charles Alan Wright et al., *Federal Practice & Procedure* § 2948.1 (2005) ("When an alleged deprivation of a constitutional right is involved, … most courts hold that no further showing of irreparable injury is necessary.").  Moreover, if the Fourth Circuit agrees with AAM that HB 631 is constitutionally infirm, then any and all steps taken by AAM members to restructure their business practices to comply with the vagaries of the law will be entirely irreparable due to the State's sovereign immunity. *Chamber of Commerce of the U.S. v. Edmondson*, 594 F.3d 742, 770-71 (10th Cir. 2010); *see also, e.g., Ohio Oil Co. v. Conway,* 279 U.S. 813, 814 (1929) (per curiam).

Finally, if the Fourth Circuit concludes that the law is unconstitutional, then there can be no doubt that the balance of the equities and the public interest would

each favor a stay of the implementation of the law during the brief window when that constitutional infirmity is confirmed in an expedited appeal. *See, e.g., Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 274 F.3d 377, 400 (6th Cir. 2001) ("[I]f the plaintiff shows a substantial likelihood that the challenged law is unconstitutional, no substantial harm to others can be said to inhere in its enjoinment."); *Gordon v. Holder*, 826 F. Supp. 2d 279, 297 (D.D.C. 2011) ("a potential deprivation of [a plaintiff's] constitutional right to due process ... outweighs the possible injury to defendants from enjoining enforcement until the merits of [the plaintiff's] claim can be determined"), *aff'd*, 721 F.3d 638 (D.C. Cir. 2013); *Legend Night Club v. Miller*, 637 F.3d 291, 302-303 (4th Cir. 2011) ("[T]he State of Maryland is in no way harmed by issuance of an injunction that prevents the state from enforcing unconstitutional restrictions."); *Joelner v. Vill. of Wash. Park, Ill.*, 378 F.3d 613, 620 (7th Cir. 2004) ("[T]here can be no irreparable harm to a municipality when it is prevented from enforcing an unconstitutional statute.").

Although AAM believes that an injunction pending appeal is warranted, to the extent that this Court is disinclined to grant the requested relief, AAM respectfully requests that this Court dispose of the instant request for an injunction pending appeal immediately and independently from any decision regarding Plaintiff's request for Rule 54(b) partial final judgment, without waiting for the Defendants to

file a responsive brief, so that Plaintiff can pursue expedited injunctive relief in the Fourth Circuit.  *See* Fed. R. App. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for … an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.").

## CONCLUSION

For the foregoing reasons, the Court should (1) enter partial final judgment with respect to AAM's first cause of action under the dormant Commerce Clause, and (2) grant injunctive relief pending appeal to restrain Defendants from enforcing HB 631 against AAM's members.

Respectfully submitted,

/s/ Jonathan D. Janow

JAY P. LEFKOWITZ
    (admitted *pro hac vice*)
  *Counsel of Record*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
lefkowitz@kirkland.com

JONATHAN D. JANOW
    (Maryland Bar # 20042)
MATTHEW D. ROWEN
    (admitted *pro hac vice*)
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
jonathan.janow@kirkland.com
matthew.rowen@kirkland.com

*Counsel for Plaintiff*

October 3, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October 2017, I electronically filed the foregoing Plaintiff's Motion For Entry Of Partial Final Judgment And For An Injunction Pending Appeal with the Clerk of the Court for the United States District Court for Maryland using the CM/ECF system.

*/s/ Jonathan D. Janow*
JONATHAN D. JANOW