```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

ASSIGNATION FOR ACCESSIBLE      *
MEDICINES
                                *
              Plaintiff
                                *
         vs.                         CIVIL ACTION NO. MJG-17-1860
                                *
FROSH, et al.
                                *
              Defendants
*     *     *     *     *     *     *     *     *
```

Association for Accessible Medicines (corrected above reads "ASSOCIATION FOR ACCESSIBLE MEDICINES")

<u>Memorandum and Order Re: Entry of Partial Final Judgment and
Injunction Pending Appeal</u>

The Court has before it Plaintiff's Motion for Entry of Partial Final Judgment and for An Injunction Pending Appeal [ECF No. 46]. The Court finds that a hearing is not necessary.

I.  <u>BACKGROUND</u>

Plaintiffs have asserted claims for declaratory and injunctive relief challenging as unconstitutional Maryland's House Bill 631 ("HB 631"), which prohibits manufacturers and wholesale distributors from engaging in price-gouging in the sale of essential off-patent or generic drugs that are made available for sale in Maryland.

The claims asserted are that:

1. The legislation violates the dormant Commerce Clause.

2. The legislation is unconstitutionally vague and therefore violates the Due Process Clause.

3. The Court should issue a preliminary injunction and

permanent injunction preventing enforcement of the legislation.

Defendants filed a Motion to Dismiss [ECF No. 29] and Plaintiff filed a Motion for Preliminary Injunction [ECF No. 9].  In the Memorandum and Order Re: Motion to Dismiss and Preliminary Injunction [ECF No. 43], the Court granted Defendants' Motion to Dismiss as to the dormant Commerce Clause challenge but denied the motion as to the Due Process challenge.  The Court also denied Plaintiff's request for a preliminary injunction.

Plaintiff now requests an entry of a partial final judgment as to the dormant Commerce Clause cause of action and an injunction pending appeal.  Defendants do not oppose the entry of the partial final judgment, but do oppose the injunction pending appeal.

II.   PARTIAL FINAL JUDGMENT UNDER RULE 54(b)

Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay.

A Rule 54(b) certification should be the exception, not the rule, for it is important to prevent piecemeal appeals of a case. As stated by then-Judge (now Justice) Kennedy in Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981):

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.

Moreover, in Braswell Shipyards, Inc. v. Beazer East, Inc., the Fourth Circuit held that to make a proper Rule 54(b) certification, a district court must first "[d]etermine whether the judgment is final . . . in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action[,]'" [and then] . . . "determine whether there is no just reason for the delay in the entry of judgment." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993)(citing Curtis-Wright Corp. v. General Electric Co., 446 U.S. 1, 7-8 (1980)).

The Fourth Circuit stated that in making this case-specific determination, which was tilted against piecemeal appeals, the district court should consider the following five factors if applicable: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time

of trial, frivolity of competing claims, expense, and the like." Braswell Shipyards, 2 F.3d at 1335-36 (internal citations omitted).

In light of the foregoing factors, and all other applicable facts and circumstances, the requisite two-step determination is made in the instant case.  First, the contemplated judgment would most certainly be "final" in the Rule 54(b) sense because it reflects the resolution of all issues relating to Plaintiff's dormant Commerce Clause cause of action.  Second, the unadjudicated Due Process claim is not related to the adjudicated dormant Commerce Clause claim.

III.   INJUNCTION PENDING APPEAL

Plaintiff also seeks an injunction pending appeal, stating that the standard for a preliminary injunction is not exactly the same as the standard for an injunction pending appeal.  ECF No. 46 at 7. For example, the Fourth Circuit has held that "on an application for a stay or injunction pending appeal, one of the considerations should be whether the petitioner has made a strong showing that he is likely to prevail on the merits of his appeal."  Miltenberger v. Chesapeake & O. Ry. Co., 450 F.2d 971, 974 (4th Cir. 1971).

For the reasons discussed the Memorandum and Order Re: Motion to Dismiss and Preliminary Injunction [ECF No. 43], the Plaintiff has not made this showing as to the dormant Commerce Clause Claim. As discussed in the Memorandum and Order, the Court also finds that any likelihood the Plaintiff would prevail on the merits on the

vagueness claim is outweighed by the remainder of the injunction factors at issue (<u>i.e.</u>, likelihood of irreparable harm, balance of equities, and public interest).  ECF No. 43 at 31-39.

The Court's Memorandum and Order was issued less than two weeks ago.  There has been no change in the record to justify a different result.  Accordingly, the Court declines to grant the requested injunction pending appeal.

IV.  <u>CONCLUSION</u>

For the foregoing reasons:

1. A final judgment can be entered for Defendants resolving the dormant Commerce Clause challenge,

2. There is no just reason for delay in the entry of such a judgment,

3. Judgment pursuant to Rule 54(b) shall be entered by a separate Order, and

4. The Motion for an Injunction Pending Appeal [ECF No. 46] is hereby DENIED.

SO ORDERED, this <u>Thursday, October 12, 2017</u>.

                                                 /s/_____
                                      Marvin J. Garbis
                           United States District Judge