IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ASSOCIATION FOR ACCESSIBLE MEDICINES, | * | |
| | * | |
| *Plaintiff*, | * | Civil Action No. 17-1860-MJG |
| v. | * | |
| BRIAN E. FROSH *et al.*, | * | |
| *Defendants*. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO PLAINTIFF'S COMPLAINT

### Response to Factual Averments

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants generally deny all factual allegations in the Complaint, except as follows:

Paragraph 13 is admitted.

With respect to Paragraphs 6, 45 and 46, Defendants admit that Governor Lawrence J. Hogan did not sign Maryland's law prohibiting price gouging in the sale of certain essential off-patent and prescription drugs, which the complaint refers to as HB 631, and that Governor Hogan announced he would allow Maryland's law to go into effect without his signature. Defendants further admit that Governor Hogan signed a letter containing the language quoted in Paragraphs 6 and 46. Defendants deny the balance of the factual allegations contained in Paragraphs 6, 45 and 46.

With respect to Paragraph 14, Defendants admit that Defendant Dennis R. Schrader is serving as the Secretary of the Maryland Department of Health and that, in that capacity, he is overseeing the Maryland Medical Assistance Program. Defendants deny the balance of the allegations contained in Paragraph 14.

With respect to Paragraph 19, Defendants admit that the Hatch-Waxman Act established a process for approving generic drugs. Defendants deny Plaintiff's allegation that, today, this process is "remarkably successful" in all cases in ensuring access to generic drugs. The process manifestly has not been successful in ensuring access to medicine, for example, in the cases of price gouging documented in the United States Senate's Special Committee on Aging December 2016 Report titled *Sudden Price Spikes in Off-Patent Prescription Drugs: The Monopoly Business Model That Harms Patients, Taxpayers and the U.S. Health System*. Such price gouging, in addition to being unethical, restricts access to essential medicines and poses a threat to the health and well-being of Maryland patients.

With respect to Paragraph 20, Defendants admit that access to generic drugs is critical to the health and well-being of Maryland patients. Defendants are without knowledge or information sufficient to admit or deny the remaining factual allegations in Paragraph 20.

With respect to Paragraph 21, Defendants admit that recent history, including recent instances of price gouging by certain drug manufacturers, demonstrates the importance of access to off-patent and generic drugs. Defendants deny Plaintiff's allegation that, today, there is no "problem" in the pricing of generic drugs. Defendants further deny that Merck's pricing decisions with respect to the drug Singulair supply a representative example of the

recent history that led to the enactment of Maryland's prohibition on price gouging in the sale of off-patent or prescription drugs. That history includes numerous instances in which certain drug manufacturers have imposed extreme, unethical price increases on Maryland patients. Defendants are without knowledge or information sufficient to admit or deny the factual allegations specifically related to Merck's pricing of Singulair.

With respect to Paragraphs 22 and 23, Defendants deny Plaintiff's allegations that "market forces" and "macroeconomic forces" always constrain the pricing decisions of drug manufacturers and wholesale distributors. In the instances of price gouging described in the December 2016 report of the Special Committee on Aging, for example, market forces did not constrain the manufacturers' pricing decisions. Indeed, certain drug manufacturers have openly acknowledged that, in making certain pricing decisions, they have not been constrained by market forces or the other "forces" referenced in Paragraphs 22 and 23. Defendants are without knowledge or information sufficient to admit or deny the remaining factual allegations contained in Paragraphs 22 and 23.

With respect to Paragraph 62, Defendants admit that the Attorney General was a proponent of HB 631. Defendants deny the remaining factual allegations contained in Paragraph 62.

Defendants are without knowledge or information sufficient to admit or deny any of the factual allegations contained in Paragraph 12.

Paragraphs 1-5, 8, 9-11, 15-18, 27-44, 48-50, 53-56, 58-61, 63-64, and 66-68 consist principally of legal argument. Any factual allegations contained in those paragraphs are denied.

## Defenses

1. Plaintiff lacks standing to bring this case.

2. Plaintiff has not alleged facts under which it may bring a facial challenge to Maryland's law prohibiting price gouging in the sale of essential off-patent or generic drugs.

3. The complaint fails to state a claim upon which relief can be granted.

4. There is no independent cause of action under 42 U.S.C. § 1983 or 42 U.S.C. § 1988.

5. Plaintiff is not entitled to its costs or attorneys' fees.

Wherefore, having fully answered, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, and that the Court award such other and further relief to Defendants as is just and equitable.

Respectfully submitted,

Dated: November 7, 2017

BRIAN E. FROSH
Attorney General of Maryland

*s/ Leah J. Tulin*
LEAH J. TULIN (Bar No. 20083)
JOSHUA N. AUERBACH (Bar No. 26108)
Assistant Attorneys General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-6962 (tel.); (410) 576-7036 (fax)
ltulin@oag.state.md.us
jauerbach@oag.state.md.us

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of November, 2017, a copy of the foregoing Answer to Plaintiff's Complaint was delivered to all counsel of record via CM/ECF.

                                                           */s/ Leah J. Tulin*
                                                           Leah J. Tulin